IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) |
| | ) CRIMINAL NOS. 99-02 |
| RUDOLPH WEAVER, | ) |
| Defendant. | ) |

AMBROSE, United States Senior District Judge

## MEMORANDUM ORDER OF COURT

**I. Introduction**

Defendant has filed a *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b)(1) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), commonly referred to as the "Compassionate Release" statute. [ECF No. 156]. The Federal Public Defender filed a counseled Supplement to his Motion. [ECF No. 161] Weaver contends that his medical conditions render him particularly susceptible to the COVID-19 virus while incarcerated at FCI Fairton. The Government has filed a Response [ECF No.169], and Weaver filed a Reply [ECF No. 171]. After considering the submissions, and for the reasons below, the Motion is denied.

**II. Background**

On December 21, 1998, Weaver entered a bank in Erie, Pennsylvania waving a sawed-off shotgun and demanding cash. He threatened to shoot the bank tellers if they violated his orders. They complied and he fled with about $20,000. In January 1999, a grand jury returned a two-count indictment charging Weaver with bank robbery in violation of 18 U.S.C. § 2133(a) and with the use of a dangerous weapon in connection with a bank robbery in violation of 18 U.S.C. § 2113(d). He was convicted of both counts on March 24, 2000.  Because he had multiple prior

1

convictions, the "three strikes" law was at issue in sentencing.[1] Ultimately, the Honorable Judge Sean McLaughlin concluded that the three strikes rule applied and sentenced Weaver to life imprisonment. The Third Circuit Court of Appeals affirmed. *United States v. Weaver*, 267 F.3d 231 (3d Cir. 2001) in March 2001.

In 2003, Weaver filed a motion pursuant to 28 U.S.C. § 2255 seeking release from his sentence. [ECF No. 117] Judge McLaughlin denied the Motion. [ECF 121] He then filed another § 2255 Motion, arguing that, based on *Descamps v. United States*, 133 S. Ct. 2276, 186 L.Ed.2d 438 (2013), his 1997 conviction for robbery should not have been used as a predicate offense for sentencing under the three strikes rule. [ECF Nos. 131] The case was then reassigned to me. I denied the Motion. [ECF No. 141] Later, counsel from the Federal Public Defender's Office entered an appearance on behalf of Weaver and moved to Vacate under 28 U.S.C. § 2255 based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2552 (2015), which invalidated the residual clause of the Armed Career Criminal Act. [ECF No. 143] He also filed an unopposed Motion to Stay, seeking a stay of proceedings pending the resolution of his Application for Leave to File a Second or Successive § 2255 Motion Petition in the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b). [ECF 144] I granted the Motion to Stay. Then the Third Circuit Court granted Weaver leave to file a successive § 2255 motion. [ECF No. 149] The stay was lifted and a date was set for the filing of an amended § 2255. [ECF No. 150] However, he filed another Motion for Stay, explaining that resolution of the issues depended on whether a conviction for Pennsylvania's first-degree robbery qualifies as a "serious violent felony" under the definition of § 3559(c) following *Johnson.* Because the Third Circuit Court of Appeals was considering that issue in *United States v. Harris*, Appeal No. 17-1861 and *United States v. Enoch*,

---

[1] In accordance with 18 U.S.C. §3559(c)(1)(A)(i), "a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if the person has been convicted … on separate prior occasions in a court of the United States or of a State of 2 or more serious violent felonies."

Appeal No. 17-2089, I again granted a stay. [ECF No. 152] Counsel has not notified this Court of any resolution of the cases referenced above. For now, Weaver remains serving a life sentence

**III. Analysis**

Before the First Step Act, only the Director of the Bureau of Prisons could seek a reduction of sentence. United States v. Handerhan, 789 F. App'x 924, 925 (3d Cir. 2019). Section 603(b) of the First Step Act, entitled "Increasing the Use and Transparency of Compassionate Release," permitted prisoners the right to file compassionate release motions with the court "so long as they first ask the BOP to file a motion on their behalf and then either exhaust the BOP's administrative appeal process or wait 30 days, whichever comes first." United States v. Somerville, 12cr225, 2020 WL 2781585, at * 2 (W.D. Pa. May 29, 2020) (citing 18 U.S.C. § 3582(c)(1)); First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). The First Step Act thus empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). Under the statute:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i)   extraordinary and compelling reasons warrant such a reduction….
> > > >
> > > > And that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission….

18 U.S.C. § 3582(c)(1)(A). Thus, Weaver must show that he has exhausted his administrative remedies, that he has established "extraordinary and compelling reasons" in support of compassionate release, and, if so, that the factors set forth in § 3553 outweigh the extraordinary and compelling reasons. Additionally, according to the relevant policy statement set forth in the Guidelines, I must consider whether Weaver presents a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g).

Here, there is some dispute over when Weaver availed himself of the administrative procedure. The Government contests Weaver's representations that he requested compassionate release either in May 2020 or in August 2020. [ECF No. 169, p. 6-7]  He has produced no documentation confirming such request. Yet counsel for Weaver submitted exhibits documenting requests for compassionate release submitted on November 17, 2020 and November 24, 2020. [ECF No. 171, Exs. 1 and 2] Additionally, Weaver asked that the Court hold consideration of this Motion in abeyance until 30 days had lapsed since submitting those requests. The Government did not submit any objection to this suggestion and, in the interests of judicial economy, the Court has taken that approach. Because 30 days has elapsed, this Court finds that Weaver has exhausted his administrative remedies.

Weaver must also prove that he has shown extraordinary and compelling reasons for release. U.S.S.G. § 1B1.13. "Extraordinary and compelling reasons" may exist based on the defendant's serious physical or medical condition, if that condition substantially diminishes his ability to provide self-care within the correctional facility environment and from which he is not expected to recover. U.S.S.G. 1B1.13 Cmt., App. Note 1(A)-(D). Here, although the parties disagree as to severity of certain of Weaver's medical conditions, the Government concedes "that diabetes is a 'serious physical or medical condition' that 'substantially diminishes' the defendant's ability 'to provide self-care within the environment of a correctional facility' during the pandemic, and is therefore an 'extraordinary and compelling reason' for release under 18 U.S.C. §

4

3582(c)(1)(A)(i). [ECF No. 169, p. 10].[2] In light of the Government's concession and in light of the ongoing pandemic, I find that Weaver's status as a diabetic, which puts him at an increased risk of severe illness, rises to the level of extraordinary and compelling circumstances. *See United States v. Brooks*, Crim. No. 08-167 (W.D. Pa. Sept. 30, 2020) (type 2 diabetes and hypertension); *United States v. Ollie*, Crim. No. 12-09 (W.D. Pa. June 24, 2020) (type 2 diabetes, obesity, hypertension); and *United States v. Coleman*, Crim. No. 16-139, 2020 WL 6334784 (W.D. Pa. Oct. 29, 2020) (type 2 diabetes, diabetic neuropathy, obesity and hypertension).

I must also consider the factors set forth in section 3553(a) and whether Weaver is a danger to the safety of any other person or the community.[3] *See United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) and 18 U.S.C. § 3142(g). The Government urges that such considerations mandate the denial of the request for relief.

Based upon the present record, I find that a reduction in Weaver's sentence would be inappropriate. Several of the § 3553(a) factors continue to support the sentence that the Honorable Judge McLaughlin imposed, including: (1) the nature and circumstances of the offense and the characteristics of the defendant; and (2) the need for the original sentence to reflect to seriousness of the offense, to deter future criminal conduct, and to protect the public from further crimes of the defendant. To that end, I agree with the Government that the Weaver has a long

---

[2] I also agree that Weaver's age, 65, places him at a heightened risk of complications associated with COVID-19. See [ECF No. 161, p. 15-16]

[3] Those factors are:
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed –
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    … [and]
    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.
18 U.S.C. § 3553.

criminal history, dating to childhood. Indeed, as the Government shows, during the 25 years before the crime at issue, Weaver spent all but a combined 3 ½ years incarcerated for many crimes. [ECF No. 169, p. 20-23] His prior crimes include voluntary manslaughter (where he stabbed the victim during an argument over a car) and repeated armed robberies. [ECF 169, PSIR] The crime at issue was also violent and no doubt left those unfortunate enough to be at the bank on the day of the robbery traumatized. The nature and circumstances of Weaver's underlying offenses are grave and some involved the use of a sawed-off shotgun. Further, Weaver's criminal history shows that he has committed these offenses while out on bond, probation or supervised release. Thus, although Weaver argues that his age makes him less likely to recidivate, his criminal record "demonstrates that his criminal behavior has persisted, despite periods of incarceration and court supervision" and that "past periods of incarceration have not deterred him from further engaging in criminal activity." *Coleman*, 2020 WL 6334784, at * 7-8.

I recognize that my evaluation of Weaver's history and characteristics is not "frozen in time." Rather, I must consider the most "up-to-date picture" of Weaver's history and characteristics, including any evidence of rehabilitation. *See Pepper v. United States*, 562 U.S. 476, 491-92, 131 S. Ct. 1229 (2011) and *United States v. Tidwell*, Crim. No. 94-353, 2020 WL 4504448, at * 7 (E.D. Pa. Aug. 5, 2020). Weaver has been imprisoned for more than 20 years. During that time, he has had only two disciplinary incidents. One apparently involved smoking in an unauthorized area and occurred 19 years ago and the other occurred more than 9 years ago and involved a physical altercation with a fellow inmate. [ECF No. 171, p. 9-10] The Government does not dispute Weaver's characterization of that altercation as "non-serious." [ECF No. 169-9] He did not lose any "good time credit" for that altercation. Instead, he was denied visiting privileges for 90 days and was placed in disciplinary segregation for 15 days. *Id.* There have been no disciplinary incidents over the past 9 years. It also appears that during his time in prison he has worked in the prison kitchen and library. Records show that Weaver took full advantage of courses offered at the prison. [ECF No. 162, Ex. K] He appears to have taken multiple classes a year

since 2001. *Id.* He represents that he has continued his education while incarcerated, taking courses on Spanish, marketing and mutual funds. [ECF No. 161 p. 26-27] He also claims that he has worked as a mentor to young inmates and served as a "suicide companion." *Id.* The Government does not contest these assertions. His record in this respect is laudable. Still, these "rehabilitative efforts simply do not erase his history of criminal convictions." *Coleman*, 2020WL 6334784, at * 7. (denying release where defendant earned multiple vocational certificates while in custody).

Significantly, Weaver does not have an expected release date. He is serving a term of life imprisonment. Thus, although he has served more than 20 years, he has an indefinite period remaining on his sentence. He has raised some post-conviction challenges regarding the application of the "three strikes" law. If those challenges prove successful and Weaver's sentence is revised, I may reconsider my conclusion. The Court notes that Weaver has a supportive family ready to welcome and support him. The Court also recognizes the risks Weaver faces during this pandemic. Even so, the considerations set forth above, on balance, weigh against granting the pending Motion. A court must impose a sentence that is sufficient but not greater than necessary. The original sentence imposed met this requirement. Considering Weaver's sentence and criminal background as well as the violent nature of the offense at issue, this Court concludes that the rest of the sentence is necessary to deter Weaver from committing further criminal offenses and to protect the public from any additional crimes.

THEREFORE, this 18th day of December, 2020, it is ordered that Defendant's Motion for Release [ECF No. 156] is DENIED as more fully set forth above.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge